A. R. *Brown*, for the demandant.

*D.* S. *Richardson* & *W. A. Richardson*, for the tenant.

---

## EBEN W. FISKE *vs.* DANIEL RUGGLES.

Where a mortgagee of real estate has given a bond to the mortgagor, conditioned that the mortgage shall be void in case he shall, within two years, sell, for a certain sum or more, other land purchased by him of the mortgagor, or, having opportunity, refuse so to sell, the mortgage is discharged, if he within the two years refuse an offer of that sum for the land, although he has previously sold it for less than that sum.

WRIT OF ENTRY to foreclose a mortgage of land in Holliston, dated May 27th 1851, made by the tenant to Thomas Fiske to secure a note of $200, and by him assigned to the demandant.

Plea, nul disseizin, with a specification of defence, that at the time when the mortgage was made by the tenant to Thomas Fiske, there was an agreement and understanding between them, which appear by a deed (copied in the margin,*) exe-

---

* Know all men by these presents, that I, Thomas Fiske of Newton, yeoman, hereby agree to and with Daniel Ruggles of Holliston in the manner following:

Whereas I, the said Thomas Fiske, and the said Daniel Ruggles, have made an exchange of farms, and in the said exchange and the bargain therefor, for my farm in Holliston, the said Daniel Ruggles conveyed to me his farm in Newton, and also gave to me a mortgage for $200 and interest, on said farm in Holliston, and it was agreed in said original bargain and exchange that said mortgage should determine and be void as from its date, if at any time within two years therefrom I should sell said farm in Newton for the sum of four thousand two hundred dollars.

cuted by the mortgagee, and duly recorded, with a reference to the record thereof on the margin of the record of the mortgage; that, within two years from the date of the mortgage, an offer was made to Thomas Fiske for the farm in Newton mentioned in said deed, of a sum of money exceeding $4200, and that he, having the opportunity, refused to sell said farm for that sum; of all which the demandant had notice.

At the trial in the court of common pleas, there was evidence of the facts specified in defence; and that Thomas Fiske, within two months after taking the mortgage, before assigning it to the demandant, and before the offer mentioned in the specification was made to him, sold and conveyed the farm to another person for $3500.

*Hoar*, J. ruled that if that sale and conveyance were made in good faith, without collusion, these facts would not constitute a defence to this action. The jury returned a verdict for the demandant, and the tenant alleged exceptions.

*J. Codman*, for the tenant.

*G. A. Somerby*, for the demandant. By the express terms of the bond, the mortgage was to be void, only upon the happening of one of two contingencies, neither of which has happened; for Thomas Fiske never sold the farm for $4200 or over during the two years; nor had an opportunity to sell it for $4200 or over during the two years. The bond does not provide that he should not, by *bona fide* sale for less than $4200 during the two years, deprive himself of an opportunity to sell for $4200 or over during the remainder of the two years. And no such provision is to be implied from the language of the bond; which

---

Now I, the said Fiske, for myself and my heirs, agree and covenant with said Ruggles, his heirs and representatives, that whenever I sell the said farm in Newton for four thousand two hundred dollars or over, on the usual or reasonable terms of cash and credit; or, having opportunity, refuse so to do; then and thereupon the said mortgage for the sum of two hundred dollars shall be void, and of no effect, either for principal, or interest accrued thereon.

In testimony whereof I have hereunto set my hand and seal this eighteenth day of June A. D. 1851. THOMAS FISKE, (Seal.)

In presence of Levi Ruggles, Jr

leaves him free to sell in good faith whenever he pleased, making the mortgage void only in the particular contingencies named. *Moffatt* v. *Laurie*, 15 C. B. 583.

METCALF, J.  The court are of opinion that the demandant cannot retain his verdict.  It seems to us to be very clear, on reading the recital prefixed to the agreement of June 18th 1851, that the true construction of that agreement is, that the mortgage should be void, if Fiske should, *at any time within two years from the date of the note* which was secured by the mortgage, sell the farm in Newton for $4200 or more, or, having opportunity so to do, should refuse.  This agreement was made for the benefit of the mortgagor, and the mortgagee must be held to have thereby bound himself, by necessary implication, not to do any thing which should deprive the mortgagor of the benefit of it.  Yet Fiske, the mortgagee, by selling and conveying the farm for a less sum, within two months from the date of his agreement, deprived himself of the power to sell it for $4200 or more, though he had an opportunity so to do.  The tenant therefore has the same defence against this action, that he would have had, if the mortgagee had sold the farm for the sum mentioned in the agreement.  *Hopkins* v. *Young*, 11 Mass. 306.  *Newcomb* v. *Brackett*, 16 Mass. 165.  *Lovelock* v. *Franklyn*, 8 Ad. & El. N. R. 378.  *Nichols* v. *Freeman*, 11 Ired. 99.  Vin. Ab. Condition, A. c.  As the demandant had notice of this agreement, before he took an assignment of the mortgage, the tenant has the same defence against him, which he could have made to an action brought by the mortgagee.

*New trial in this court.*